**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HERMAN L. ADAMSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-CV-0404-CVE-PJC |
| | ) |
| **CLINGMAN, Administration, State of** | ) |
| **Oklahoma Worker's Compensation Court,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

On July 18, 2005, plaintiff, Herman L. Adamson, filed a motion for leave to proceed in forma pauperis (Dkt. # 2). Upon review of the financial affidavit, the Court granted plaintiff leave to file this action in forma pauperis (Dkt. # 12). However, the Court is, sua sponte under 28 U.S.C. § 1915(e), dismissing the case for failure to state a claim upon which relief may be granted. In addition, certain defendants, as specified below, are entitled to immunity while other defendants are not state actors for purposes of 42 U.S.C. § 1983. Finally, this action is barred by the statute of limitations.

**I.**

In his present complaint, Adamson names the following defendants: Dennis F. Seacat, Attorney at Law; Don Wyatt, Attorney at Law; John MacKenzie, Attorney at Law; Michael Clingman, former administrator for the Oklahoma Worker's Compensation Court; James S. Porter, former judge for the Oklahoma Worker's Compensation Court; and Kimberly E. West, former judge for the Oklahoma Worker's Compensation Court. All parties were involved in plaintiff's 1991 worker's compensation claim. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Construing plaintiff's allegations liberally, see Hall v. Bellmon, 935

F.2d 1106, 1100 (10th Cir. 1991), plaintiff claims that defendants denied him a fair trial in violation of the Sixth and Fourteenth Amendments. Plaintiff also claims that defendants' conduct violated the Fifth and Seventh Amendments. In his request for relief, plaintiff asks for "one million dollars from each defendant for injurys [sic] and damages" (Dkt. # 1, at 4) for a total request of $6,000,000.00. Plaintiff's complaint concerns the administration of his worker's compensation claim that arose from work-related injuries sustained in September 1991 while driving a truck through Oklahoma. Following hospitalization, plaintiff hired defendants Seacat and Wyatt to assist him in filing for worker's compensation. His attorneys filed paperwork in the Oklahoma Worker's Compensation Court. Defendant MacKenzie was counsel for plaintiff's employer and their insurance company. Defendant Clingman was the Administrator of the Oklahoma Worker's Compensation Court. Defendants West and Porter were Judges of the Oklahoma Worker's Compensation Court and took jurisdiction over the matter. Following an unsatisfactory outcome, plaintiff filed suit in this Court against the State of Oklahoma and the State of Oklahoma Worker's Compensation Court. N.D. Okla. Case No. 94-C-1192-BU. In that case, plaintiff argued that the defendants' conduct violated the Fifth, Sixth, Ninth, and Fourteenth Amendments, as well as the Americans with Disabilities Act. On February 7, 1995, this Court dismissed plaintiff's complaint pursuant to section 1915.

Plaintiff filed this complaint after he received a letter from the Social Security Administration ("SSA") notifying him that he owed SSA $5,750.10 due to overpayment in disability benefits (Dkt. # 1, at 20). This SSA letter was mailed to plaintiff on August 1, 2001 (Dkt. # 1, at 2). Plaintiff appealed SSA's overpayment determination through courts in Nevada, where he is a resident. In addition to appealing the SSA decision, plaintiff resurrected these formerly-dismissed

alleged constitutional claims against judges, attorneys, and administrators involved in his 1991 worker's compensation claim by filing suit in the U.S. District Court for the District of Nevada. On January 25, 2005, that court dismissed plaintiff's complaint for improper venue (Dkt. # 1, at 23-24).

**II.**

When a complaint is filed in forma pauperis, the Court may test the complaint under 28 U.S.C. § 1915(e)(2). The complaint may be subject to summary dismissal if it fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune from such relief, or is found to be frivolous. Id. As the Supreme Court explained in Neitzke v. Williams, 490 U.S. 319 (1989), section 1915

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, . . . and claims of infringement of a legal interest which clearly does not exist . . .

Id. at 327 (internal citation omitted). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed to be true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109. The Court also recognizes that pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the Court must construe them liberally. Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir. 1994) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, after construing plaintiff's complaint liberally, "sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).

### III.

Defendants West, Porter, and Clingman are entitled to Eleventh Amendment immunity as all three were state officials at the Oklahoma Worker's Compensation Court when plaintiff filed his worker's compensation claim. It is well-established that state officials acting in their official capacities are not "persons" under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because West, Porter, and Clingman did not waive immunity or consent to suit in federal court and there has been no congressional abrogation of immunity, the Court finds that these defendants are immune from suit on plaintiff's claims for alleged violations of the Fifth, Sixth, Seventh, and Fourteenth Amendments to the Constitution. Consequently, plaintiff's claims for monetary damages against defendants West, Porter, and Clingman must be dismissed under section 1915(e). See, e.g., McKinney v. State of Okla., Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991).

### IV.

To the extent that plaintiff seeks relief in his complaint against legal counsel for alleged violations of the Fifth, Sixth, Seventh, and Fourteenth Amendments, the Court finds that dismissal is warranted. Plaintiff has failed to allege any facts tending to show that defendants Seacat, Wyatt, or MacKenzie were "state actors." Section 1983 provides that "[e]very person who, under color of" state law, deprives another of constitutional rights shall be liable in a suit for damages. 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show in part that the alleged violation of a constitutional right was committed by a person acting under the color of state law. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). In Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 928 (1982), the Supreme Court noted that if a

4

defendant's conduct satisfies the requirement of "state action" under the Fourteenth Amendment, it also satisfies the "under the color of state law" requirement for section 1983. The Lugar Court made clear that for conduct of a private party to constitute "state action" it must be "fairly attributable to the State." 457 U.S. at 937.

In this case, plaintiff has failed to allege any facts which demonstrate that the alleged conduct of Seacat, Wyatt, or MacKenzie constitutes state action. Indeed, the Tenth Circuit notes that "[t]he conduct of retained counsel does not rise to the level of state action within the meaning of section 1983." Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994) (citing Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990)). Therefore, plaintiff's claims against Seacat, Wyatt, and MacKenzie are subject to dismissal for failure to state a claim under section 1915(e).

## V.

No statute of limitations is expressly provided for claims under section 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in section 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit has stated that the appropriate period of limitations for section 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3), the Oklahoma statute of limitations for personal injury claims. Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675 (quoting Blumberg v. HCA Management Co., 848

F.2d 642, 645 (5th Cir. 1988)). Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

Plaintiff's section 1983 claims are barred by the statute of limitations. Plaintiff filed his complaint on July 18, 2005. Therefore, claims arising prior to July 18, 2003 are time-barred. According to the plaintiff's complaint, defendants injured him in 1991 and 1992 when they denied him a fair trial. In supplemental pleadings, plaintiff suggests that the August 2001 SSA letter is a consequential injury caused by the initial unfair trial (Dkt. # 1, at 20). All events occurred well before July 18, 2003. Accordingly, the Court dismisses plaintiff's complaint in its entirety under section 1915(e).

This is a final order **dismissing** this case.

**IT IS SO ORDERED** this 19th day of September, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT